

FILED
AUG 2 6 2010

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| | |
|---|---|
| SANDRA HOY,<br>　　　　PLAINTIFF, | CIV 10-3021 |
| VS | **COMPLAINT** |
| COUNTRY PRIDE COOPERATIVE, INC., | |
| 　　　　DEFENDANT. | |

## JURISDICTION

(1) This is an employment discrimination claim arising under Title I of the Americans with Disabilities Act of 1990 ("The ADA").

(2) Sandra Hoy ("Hoy") is an adult resident of Platte, South Dakota.

(3) Country Pride Cooperative Inc. ("Country Pride") is a farmer owned agriculture, agronomy and fuel business which operates several stores in central South Dakota, including a store in Platte, South Dakota.

(4) Hoy alleges that she was employed by Country Pride until December 31, 2007.

(5) Hoy filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission on May 22, 2008.  Hoy received a Determination of Probable

Cause on January 1, 2010; she thereafter received a Notice of Suit Rights on June 15, 2010.

(6) This Court has jurisdiction over Plaintiff's discrimination claims pursuant to 42 U.S.C. §12117 and 28 U.S.C. §§ 1331and 1343. Venue is proper in accordance with 28 U.S.C. § 1391.

## COUNT ONE:
## VIOLATION OF TITLE I OF
## THE AMERICANS WITH DISABILITIES ACT of 1990

(7) Beginning in October 1974, Hoy was employed at the Platte Cooperative Association in Platte, South Dakota, where she performed duties as a bookkeeper, receptionist and store clerk.

(8) Hoy's job duties included general bookkeeping, conducting customer credit checks, entering business data into a computer system such as customer tickets and inventory, calculating wholesale value of products on hand, answering customer telephone calls, relaying customer information to other staff members, turning the gas pumps on and off, counting daily receipts, preparing and making bank deposits, entering meter tickets for fuel deliveries, processing patronage dividends and checks, updating customer lists, preparing staff payroll, processing bills, getting the mail, setting up new accounts, balancing daily journals, reconciling bank statements, printing statements, posting daily and monthly reports, ordering tires, reviewing tire invoices, preparing board reports for monthly meetings, running fuel volume reports, running gross margin reports, running other income reports such as the tire repair reports, running expenses reports, covering for other store clerks and cleaning the office premises.

(9) At all times, Hoy performed the essential functions of her job in a manner that met her employer's expectations.

(10) Hoy was not ever subject to any written or formal disciplinary action during her 33 years of employment.

(11) Hoy suffers from rheumatoid arthritis, which substantially impairs her ability to move, stand and lift.

(12) Hoy requires the use of a wheelchair for mobility.

(13) The Platte Cooperative Association did not provide a wheelchair accessible restroom on its premises, an intercom system for relaying messages to employees, or a remote fuel pump switch.

(14) Hoy was required to leave the premises and go to her home anytime she needed to use the restroom during work hours.

(15) Hoy was required to have assistance if she needed to turn the fuel pumps on or if she needed to deliver a message to other employees who were not directly located in the business office.

(16) Ron Sternburg, a friend of Hoy's, voluntarily came to the workplace to offer assistance to Hoy by giving her rides home to use the restroom, helping her with driving-related errands, delivering messages to employees for her and helping her with the fuel pumps.

(17) Sternburg was not employed by Hoy's employer but performed these favors out of concern for his friend who would have otherwise been left with out access to a restroom during work hours.

(18) In 2006, Hoy requested that the Platte Cooperative Association provide three accommodations for her disability: 1) a wheelchair accessible bathroom on the premises so that she did not have to return to her home to use the restroom during the work day; 2) an intercom system so that she did not have to physically locate staff members to relay telephone calls; and 3) a desk-level fuel switch so that pumps could be turned on and off remotely.

(19) Hoy contacted the South Dakota Division of Human Rights about the work accommodations that she was requesting from her employer.

(20) The Platte Cooperative Association management was aware Hoy contacted the South Dakota Division of Human Rights about her request for accommodation.

(21) The Platte Cooperative Association responded to Hoy's requests by suggesting that she should quit or be fired for her inability to walk to deliver messages or to stand to turn the fuel pumps on and off; placed an advertisement for Hoy's position in the local paper; and sent a letter from an attorney to Ron Sternberg advising him that he needed to immediately cease and desist from assisting Hoy or he would be banned from the premises.

(19) After she saw the advertisement for her position in the paper, Hoy became frightened that she would lose her job for requesting accommodation and ceased making requests for accommodation.

(20) Despite Hoy's requests for accommodations, throughout Hoy's employment there was never a wheelchair accessible bathroom in her workplace for either customers or employees, there was never an intercom system installed and there was never a remote fuel switch installed.

(21)  In 2007, the Platte Cooperative Association entered into negotiations with Country Pride for an acquisition of substantially all of Platte Cooperative Association's business.

(22) The Platte Cooperative Association and Country Pride entered into a written Unification Agreement dated July 27, 2007.  This merger agreement provided for a transfer of virtually all of the Platte Cooperative Association's business, assets, accounts, cash and liabilities to Country Pride on September 1, 2007.

(23)  Pursuant to the terms of the Unification Agreement, Platte Cooperative was required to advise Country Pride of all information regarding Hoy's contact with the South Dakota Division of Human Rights and her other requests for accommodations prior to the merger.

(24)  With regard to Platte Cooperative Association employees, the Unification Agreement provided that Platte Cooperative Association "may negotiate severance packages for full-time employees who will not be offered full-time employment by Country Pride," with the limitation that full-time employees who were offered a severance package could receive a severance package consisting of one week of severance payment for each year of service to the Platte Cooperative Association.  Platte Cooperative Association was not permitted to offer any severance payment to its employees without discussion with Country Pride and acknowledgement from Country Pride that it would not be offering employment to the Platte Cooperative employee.

(25)  The Platte Cooperative Association and Country Pride Unification Agreement specifically states that Platte Cooperative Association would terminate all of its employees effective as of August 31, 2007.

(26) Hoy was never terminated by Platte Cooperative Association prior to the merger, was not informed that she would not be re-employed by Country Pride, did not resign prior to the merger and was not offered a severance package from Platte Cooperative Association.

(27) Country Pride accepted an application for employment from Hoy and interviewed her during the merger process.

(28) All of Platte Cooperative's employees were hired by Country Pride, including Hoy.

(29) Country Pride accepted Hoy's order for Country Pride employee shirts, which were never delivered to Hoy.

(30) Hoy was informed by Country Pride that she would be employed to complete some Platte Cooperative business and to carry on with her usual duties of answering the phone, dealing with Country Pride customers and orders, turning on and off the fuel pumps and delivering messages.

(31) Between September 1, 2007, and December 31, 2007, Country Pride required Hoy to attend work on scheduled hours, comply with Country Pride rules and policies and to complete work on converting Platte Cooperative Association records to Country Pride's records, as well as Country Pride business. Country Pride had no intention of retaining Hoy as a full-time employee as a part of the merge with Platte Cooperative.

(32) Hoy performed the essential functions of her job at Country Pride to her employer's expectations.

(33) Hoy was not ever subject to any written or formal disciplinary action during her employment with Country Pride.

(34) Beginning in September 2007, Country Pride began representing to Hoy that she was not actually a Country Pride employee but was still employed by Platte Cooperative Association.

(35) Country Pride was aware that Platte Cooperative Association was not an existing business and had no employees after August 31, 2007 pursuant to the terms of Country Pride's Unification Agreement.

(36) In approximately September 2007, Country Pride obtained Platte Cooperative Association check blanks, maintained a checking account in Platte Cooperative Association's name, and caused several paychecks to be executed and post-dated for the sole purpose of creating the appearance that Hoy was still a Platte Cooperative Association employee following the Country Pride/Platte Cooperative merger.

(37) Country Pride was aware that Hoy had a disability and had requested accommodations for job duties such as turning on the fuel pump, delivering messages to employees who were not in the office area, and accessing a wheelchair accessible restroom during business hours.

(38) Country Pride made no accommodations for Hoy's disability.

(39) Country Pride suggested that allowing Hoy to continue to work until December 31, 2007, was an accommodation because it would to allow her enough time to apply for and receive Social Security disability benefits.

(40) On December 31, 2007, Hoy suffered an adverse employment action when she was terminated.

(41) Hoy was capable of performing the essential functions of her job with Country Pride, with or without accommodation.

(42) Country Pride made no good faith effort to accommodate Hoy's disability.

(43) Country Pride's decision to terminate Hoy's employment on December 31, 2007, is directly related to her disability.

(44) Country Pride's decision to terminate Hoy's employment was not made in good faith and after Hoy's employment was terminated, Country Pride hired an employee who did not have any disabilities to perform Hoy's job duties.

(45) Country Pride treated employees who did not require accommodation or have a disability differently and better than it treated Hoy.

(46) Country Pride's employment decisions and refusal to accommodate Hoy were motivated by her disability in violation of Title I of the Americans with Disabilities Act.

(47) Country Pride's discriminatory treatment caused Hoy to suffer emotional and physical pain and discomfort and exacerbated her physical condition.

(48) Country Pride failed to enforce effective anti-discriminatory policies in the workplace in violation of Hoy's federally protected employment rights.

(49) Hoy lost wages, benefits, incurred costs and related expenses as a result of being unemployed and has suffered physical pain, humiliation, anxiety and stress as a result of Country Pride's actions.

(50) Hoy's physical pain, stress and an exacerbation of her health problems were a reasonably foreseeable result of Country Pride's discriminatory treatment.

(51) Country Pride's treatment of Hoy was willful, reckless and malicious and in intentional disregard of Hoy's federally protected employment rights.

WHEREFORE, Hoy prays for judgment against Country Pride as follows:

a. For a trial by jury on the merits of her claim;

b. For compensatory damages in such amount as the evidence at trial may show;

c. For damages, including but not limited to, those damages allowed by the Title I of the Americans with Disabilities Act and any other pertinent and applicable statute, rule or regulation, whether state or federal.

d. For punitive damages for intentional discrimination in such an amount as the evidence at trial may show;

e. For costs and disbursements incurred herein, including prejudgment interest and reasonable attorney fees, and for such other and further relief as the Court may deem just.

Dated this 24 day of August, 2010.

JOHNSON POCHOP LAW OFFICE

_____
Stephanie E. Pochop
P.O. Box 149
Gregory, SD 57533
Attorney for Plaintiff
(605) 835-8391

9